UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC EMMANUEL ELM,

      Plaintiff,

      v.                            Case No. 19-C-1902

RICHARD S. ZOELLNER,
COMMISSIONER BURKE, and
OFFICER JAKEL,

      Defendants.

## SCREENING ORDER

Plaintiff Eric Emmanuel Elm, who is currently housed at the Brown County Detention Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $20.33. On January 17, 2020, Plaintiff filed a letter indicating he did not have the funds to pay an initial partial filing fee. The court will waive the initial partial filing fee, grant Plaintiff's motion for leave to proceed without prepaying the filing fee, and screen the complaint.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on October 14, 2019, Plaintiff asked his attorney about his preliminary hearing, and his attorney responded that they were not having one. A preliminary hearing was eventually held on November 13, 2019. Plaintiff claims that Officer Jakel committed perjury at the hearing because he discussed things that were not contained in the criminal complaint. He also asserts that the commissioner did not give Plaintiff sufficient time to prepare

for the preliminary hearing and that his attorney did not do as he asked. Plaintiff seeks $95,865.95 in pain and suffering for the violation of his constitutional rights.

**THE COURT'S ANALYSIS**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). In this case, Plaintiff asserts that his former attorney, Richard Zoellner, violated his constitutional rights. But Attorney Zoellner is not a state actor amenable to suit under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, Plaintiff's claim against Attorney Zoellner will be dismissed.

Plaintiff also asserts that the court commissioner violated his constitutional rights. But the commissioner is immune from Plaintiff's claims. It is well settled that the doctrine of judicial immunity "confers complete immunity from suit, not just a mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). Judicial immunity "applies even when the judge is accused of acting maliciously and corruptly." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity extends to judges as well as to court commissioners. *See Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017); *Crenshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (finding that quasi-judicial officers who "perform duties functionally comparable to those of a judicial officer" are immune from liability). Therefore, Plaintiff's claims against the commissioner are dismissed.

As to Plaintiff's claim that Officer Jakel falsely testified at the preliminary hearing, the officer is immune from such a claim. *See Curtis v. Bembenek*, 48 F.3d 281, 282 (7th Cir. 1995) (holding that an officer who testifies during a preliminary hearing is absolutely immune from § 1983 liability). In addition, Plaintiff has not been convicted of the charge or pleaded guilty. Therefore, he cannot claim that any false testimony led to his conviction or coerced a guilty plea and any such claim would be barred by *Heck v. Humphrey*, 512. U.S. 477, 481–82 (1994). Accordingly, Plaintiff's claim based on Officer Jakel's testimony given at the preliminary hearing will be dismissed.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C.

§ 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 21st day of January, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.